UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MINA FILIBERTO PAREDES,

v.  Case No. 8:05-cr-26-T-17TBM
     8:06-cv-1916-T-17TBM

UNITED STATES OF AMERICA.

O R D E R

This cause is before the Court upon Defendant's amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. cv-3; cr-290 (hereinafter "motion to vacate" or "motion"). The Government filed a response (Doc. cv-5). Mina did not file a reply to the response. "Under Rules Governing Section 2255 Cases, Rule 4(b), a district court faced with a § 2255 motion may make an order for its summary dismissal "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief[.]" *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (quoting 28 U.S.C. foll. § 2255). A review of the record demonstrates that Paredes is not entitled to relief and that his motion to vacate must be **denied.**

BACKGROUND

In January 2005, a United States Coast Guard cutter intercepted a fishing vessel, the Andres Abel, in the Pacific Ocean. Presentence Investigation Report ("PSR") ¶ 10. Mina Filiberto Paredes was one of the vessel's eight crew members. PSR ¶¶ 10-12. A crew from the Coast Guard cutter boarded the Andres Abel. PSR ¶ 11. They discovered in the fuel tank a hidden compartment that contained 2647 kilograms of cocaine. PSR ¶ 11.

Shortly thereafter, a grand jury in the Middle District of Florida indicted Mina Filiberto Paredes and the other crew members on charges of conspiring to possess five kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a), (g), and (j) and 21 U.S.C. § 960(b)(1)(B)(ii), and possessing five kilograms or more of cocaine with the intent to distribute it, while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. app. § 1903(a) and (g), 18 U.S.C. § 2, and 21 U.S.C. § 960(b)(1)(B)(ii). Doc. cr-1.

Paredes pled guilty to Count One of the Indictment pursuant to a written plea agreement. Docs. cr-61, 107, 268. As part of his plea agreement, Paredes expressly waived the right to appeal his sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except if the sentence exceeds the applicable guidelines range as determined by the Court, the sentence exceeds the statutory maximum penalty, or the sentence violates the Eighth Amendment to the Constitution. Doc. cr-61 at 12. During the change-of-plea hearing, Paredes was assisted by an interpreter. Doc. cr-85 and cr-268 at 2 and 4.

During the change-of-plea hearing, the magistrate judge reviewed with Paredes his sentence appeal waiver and confirmed that he understood the consequences of that waiver:

> THE COURT: And the other things that I want to add about sentence is at Page 12, Paragraph 5 of your plea agreement. Here you have agreed to a provision that limits or restricts your right to an appeal in this case.

> This language says that there are three circumstances which would allow you to initiate an appeal.
>
> One is if your sentence is for more than the law allows, you can appeal. The second ground is if the judge calculates your guidelines at a particular level bu then sentences you at a higher range, you can appeal that sentence as being unreasonable. And finally this provision would allow you to appeal if your sentence was in violation of the constitution.
>
> Now, the significance of this limitation here is that when you come to court for sentencing, if the judge calculates your guidelines at a particular level, and the she – she then sentences you within that calculated range, you are going to be stuck with that sentence, meaning you are not going to be able to appeal it even if it's worse than you anticipated as long as it's lawful and constitutional. Do you understand that?

PAREDES-MINA: Yes, sir.

Doc. cr-268 at 25.

The Court advised Paredes of the charge to which he was pleading and that it carried a mandatory minimum punishment of ten years. Doc. cr-268 at 10-11. During the entire exchange Paredes stated (1) he understood the charges and the penalties (Id. at 11); (2) he understood the consequences of giving up his rights in order to plea (Id. at 14); (3) the plea agreement had been read to him and he understood it very well (Id. at 28); (4) he was not promised anything or threatened in any way in order to plea guilty (Id. at 15-16);

and (5) he had no complaints about his lawyer (Id. at 17).

The magistrate judge accepted Paredes' guilty plea (Doc. cr-268 at 29) and prepared a report and recommendation confirming his view that Paredes had knowingly and voluntarily agreed to plead guilty. Docs. cr-87. Paredes did not file an objection to that report, which the District Court adopted. Doc. cr-107. The District Court sentenced Paredes to 135 months' imprisonment with credit for time served. Docs. cr-143, 147.

On November 8, 2006, Paredes filed a timely Amended Motion to Vacate under 28 U.S.C. § 2255. Doc. cv-3. Paredes raised the following claims:

Ground One: Ineffective Assistance of Counsel during the plea process and at sentencing. Doc. cv-3 at 5.

Ground Two: A departure for minor role is warranted. Id. at 6.

Ground Three: A departure for extraordinary family circumstances and for collateral consequences due to deportability is warranted. Id. at 7.

Ground Four: Paredes entered into a plea agreement under false pretenses. Id. at 9.

## APPEAL WAIVER

Paredes stated that he entered his plea under false pretenses, and that he should have received a departure for minimal role in the offense and a departure for extraordinary family circumstances. He also complained that his counsel was ineffective for failing to explain the consequences of the plea and for failing to request an evidentiary hearing at sentencing, to present a downward departure based on minor role and collateral consequences, to argue the mandatory scheme of the sentencing guidelines, and to receive any leniency or benefits for entering into a plea agreement that bore no fruits. Doc.

cv-3 at 5-9.

Paredes has waived the right to appeal his sentence, directly or collaterally, on all the grounds he raised in this petition. The right to appeal is statutory and can be waived knowingly and voluntarily. *See Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir.), *cert denied*, 126 S. Ct. 246 (2005); *United States v. Bushert*, 997 F.2d 1343, 1350 (11th Cir. 1993). For this Court to enforce an appeal waiver contained in a plea agreement, the Government need only demonstrate either that this Court specifically questioned the defendant concerning the sentence appeal waiver during the Fed. R. Crim. P. 11 colloquy or that it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. *Williams*, 396 F.3d at 1342; *Bushert*, 997 F.2d at 1351.

A defendant's waiver of the right to appeal "directly or collaterally" encompasses his right to challenge his sentence in a section 2255 proceeding. *See Williams*, 396 F.3d at 1342; *United States v. White*, 307 F.3d 336, 341-44 (5th Cir. 2002); *Garcia-Santos v. United States*, 273 F.3d 506, 508-09 (2d Cir. 2001); *Davila v. United States*, 258 F.3d 448, 451-52 (6th Cir. 2001); *United States v. Cockerham*, 237 F.3d 1179, 1183-87 (10th Cir. 2001); *Mason v. United States*, 211 F.3d 1065, 1069-70 (7th Cir. 2000). The waiver is enforceable against claims of ineffective assistance of counsel at sentencing, because "a contrary result would permit a defendant to circumvent the terms of the sentence-appeal waiver simply by recasting a challenge to his sentence as a claim of ineffective assistance, thus rendering the waiver meaningless." *Williams*, 396 F.3d at 1342; *see also Cockerham*, 237 F.3d at 1182 (appeal and collateral attack waiver provision in plea agreement waives the right to section 2255 petition based on ineffective assistance of counsel unless challenge concerns the validity of the plea or waiver); *Mason*, 211 F.3d at 1069 (same). In

particular, if the complaint underlying the ineffective assistance claim was waived by a defendant's plea agreement, then the ineffective assistance claim also was waived. *See Williams*, 396 F.3d at 1342 (acknowledging that exceptions in plea agreement to defendant's waiver of appeal did not apply to the claims raised in the petition); *United States v. Djelevic,* 161 F.3d 104, 107 (2d Cir. 1998) (although "dress[ed] up" as a Sixth Amendment claim, defendant really is challenging the correctness of his sentence under the guidelines and, therefore, is barred by the plain language of his plea agreement; to allow his claim would be to "render[ ] meaningless" such plea agreement waivers).

In this instance, the Court explained the sentence appeal waiver in detail and asked Paredes if he understood it. Doc. cr-268 at 25. Paredes responded that he did. *Id.* The Court asked Paredes if he had been threatened or if anyone had promised him anything that was not in the written plea agreement to get him to give up that right. *Id.* at 15-16. Paredes responded in the negative. *Id.* at 16. The Court further advised Paredes that the offense to which he was pleading guilty carried a maximum period of incarceration of life and a mandatory minimum period of incarceration of ten years. *Id.* at 10-11 and 21-22. The Court asked Paredes if he understood those penalties, and he responded that he did. *Id.* at 11.

Parades attempts to offset the plea waiver with assertions that he was unaware of the consequences of his plea (Ground One) and that he entered the agreement under false pretenses (Ground Four). Even if the Court were to assume that Paredes' counsel did not discuss the consequences of the plea, the sentencing guidelines and the statute's mandatory minimum sentence of 10 years, the Court reviewed these and other pertinent issues in great detail during the change of plea hearing. The Court specifically questioned

Paredes to as to the consequences of his plea, and asked questions designed to ensure no one had influenced him improperly:

> THE COURT: I'm explaining these various rights to you because I want to make sure that you understand the full consequences of pleading guilty. As I say, by pleading guilty you are not just admitting the criminal charge, but you are also in effect giving up each of these rights that I have just outlined for you. You are not going to fight the charges. Essentially you are going to concede them and in a couple of months you will be brought back to be punished. Do you understand this, Mr Paredes-Mina?
>
> PAREDES-MINA: Yes sir.

Doc. cr-268 at 14.

> THE COURT: Essentially this plea agreement operates as a recommendation to the judge as to what he should do at your sentencing, but it's not a binding recommendation. In this case Judge Kovachevich will look at these concessions and in all likelihood will give you the benefit of them, but you need to understand that you are not guaranteed that you will receive the benefit of them and if the judge chooses to do something different, it is not a breach of this agreement because, as I say, this is merely a recommendation. Do you understand that's how this agreement works?
>
> PAREDES-MINA: Yes, Sir.
>
> THE COURT: Okay, Now, other than those

|  |  |
|---|---|
|  | concessions that we have just identified, has anybody promised you anything else in order to get you to plead guilty? |
| PAREDES-MINA: | No, Sir. |
| THE COURT: | Has anybody promised you a particular sentence? |
| PAREDES-MINA: | No, Sir. |
| THE COURT: | Has anybody threatened you or a member of your family or do you feel like you are being forced into pleading guilty? |
| PAREDES-MINA: | No, sir. |

Doc. cr-268 at 16-17.

Paredes clearly understood the consequences of a guilty plea, the maximum and minimum penalties, and the sentence appeal waiver. The Court found that Paredes was an alert and intelligent individual and was satisfied that Paredes understood his rights and that he voluntarily waived them. Doc. cr-268 at 29.

The record is clear that Paredes expressly waived the right to appeal his sentence or to challenge it collaterally on any ground. Doc. cr-61 at 12. It is also clear that Paredes plead knowingly and voluntarily.

Paredes' sentencing challenges which are set forth in Grounds Two and Three are solely challenges to the District Court's application of the guidelines. These challenges do not fall within the exceptions to his appeal waiver. While the rest of Paredes' claims are couched in terms of ineffective assistance of counsel, Paredes has waived them because they address his sentence and the manner in which it was determined, not the validity of his plea or the waiver. *See Williams*, 396 F.3d at 1342; *Davila*, 258 F.3d at 451-52; *Mason*,

211 F.3d at 1068; *Djelevic*, 161 F.3d at 107. Because these claims are not based on "a sentence exceeding the applicable guidelines, a sentence above the statutory maximum, or a violation of the Eighth Amendment" (Doc. cr-61 at 12) this Court will not consider them.

Therefore, Paredes may not collaterally challenge his sentence, as he purports to do here. *See Williams*, 396 F.3d at 1342. In *Williams,* the Eleventh Circuit held that a plea-agreement waiver provision almost identical to one at issue here "precluded a § 2255 claim based on ineffective assistance at sentencing". *Id.*

For this Court to entertain the issues that Paredes raises in this collateral attack would permit Paredes a challenge in contravention of the plain meaning of his plea agreement and deny the Government the benefit for which it bargained. *See Buchanan*, 131 F.3d at 1008; *see also United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995) (defendant exchanged his right to appeal for prosecutorial concessions, "he cannot have his cake and eat it too"). Here, Paredes admitted his guilt and agreed not to collaterally attack his sentence in exchange for the Government's agreement to, among other things, move for dismissal of count two, recommend a three-level downward adjustment for acceptance of responsibility, recommend a sentencing at the low end of the applicable guideline range, and consider substantial assistance. See Doc. cr-61. Paredes cannot be permitted to circumvent the unambiguous terms of his plea agreement.

## COGNIZABILITY OF CHALLENGES TO GUILTY PLEA

Collateral review pursuant to 28 U.S.C. § 2255 is not a substitute for direct appeal. *See Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing *Sunal v. Large*, 332 U.S. 174, 178 (1947)). Nonconstitutional claims can be raised on collateral review only when the alleged error

constitutes a " 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.' " *Reed v. Farley*, 512 U.S. 339, 348 (1994) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

In this case, Paredes has not raised any constitutional issue, and has not claimed that any error in this case (assuming that there is one) constitutes a " 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.' " *Reed*, 512 U.S. at 348.

Paredes claims (without any legal or factual support) that his lawyer never explained the consequences of the plea and that he made him sign the plea under false pretenses. (Grounds One and Four) Doc. cv-3 at 5 and 9.

After a conviction based on a guilty plea has become final, Paredes may challenge only the knowing and voluntary nature of the plea, unless the record demonstrates that the District Court lacked the power to enter the conviction or impose the sentence. *United States v. Broce*, 488 U.S. 563 (1989); *United States v. Kaiser*, 893 F.2d 1300 (11th Cir. 1990); *Broce*, 488 U.S. at 563. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked . . . ." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). Moreover, Paredes is barred from raising a challenge to the factual basis of his plea in a section 2255 motion. *See Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992). In the context of a Section 2255 motion, "a defendant who enters a plea of guilty waives all non-jurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *Id.*

Further, the representations of the defendant at a plea hearing, with the findings made by the judge accepting the plea, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The declarations of the defendant in open court carry a strong presumption of verity which is not overcome by the subsequent presentation of conclusory and contradictory allegations. *Id.*

"[I]f the Rule 11 plea taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely." *United States v. Stitzer*, 785 F.2d 1506, 1514 n.4 (11th Cir.), cert. denied, 479 U.S. 823 (1986). The statements of a defendant in open court are presumed to be true. *United States v. Gonzalez-Mercado*, 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n.14 (11th Cir. 1985). Because a defendant's statements concerning plea consequences at the time of plea are considered "persuasive evidence," they are not overcome by the defendant's bald assertion of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988).

Paredes contends he entered a guilty plea without fully understanding the plea. Doc. cv-3 at 5. As discussed above, the record clearly contradicts Paredes' allegations and demonstrates that he entered into the plea knowingly and voluntarily. When he read and signed the plea agreement, Paredes was put on notice of the consequences of his plea, the maximum and minimum penalties, and the sentence appeal waiver. Doc. cr-61. This notice was reinforced during the change of plea hearing. Paredes was told about–and said that he understood--the charge to which he was pleading guilty (Doc. 268 at 10-11), the elements of the offense (Id.) , the maximum and minimum penalties he faced (Id.), the Court's authority to determine his sentence (Id. at 20-24), and his waiver of appeal rights

(Id. at 25). When asked whether any other promises regarding his sentencing had been made, he responded in the negative. Id. at 16. In sum, it is clear that Paredes' guilty plea was knowing and voluntary, rendering this claim for relief non-cognizable in a section 2255 proceeding.

## PROCEDURAL DEFAULT

Paredes is not entitled to relief on his sentencing claims described in grounds Two and Three because these claims are not only waived, they are procedurally defaulted.

Ordinarily, claims that previously were available and were not raised in a prior proceeding are procedurally defaulted and barred from consideration on collateral review. *See McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir. 2001); *Bousley v. United States*, 523 U.S. 614, 622-24 (1998); *United States v. Frady*, 456 U.S. 152, 166 (1982). When a defendant raises a constitutional claim on collateral review that he failed to raise in the trial proceedings or on direct appeal, he bears the burden of establishing cause and actual prejudice resulting from the error or actual innocence to excuse the defaults. *McCoy*, 266 F.3d at 1258-59. To show cause for not raising a claim in an earlier proceeding, Paredes must show "some external impediment preventing counsel from constructing or raising the claim." *See High v. Head*, 209 F.3d 1257, 1262-63 (11th Cir. 2000) (quoting *McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). To establish prejudice, Paredes must prove that "the errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *See Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal quotations omitted). This is a heavier burden than the burden of establishing plain error on appeal. *See Frady*, 456 U.S. at 164. The futility of raising a claim does not constitute sufficient cause to excuse the default. *Bousley*, 523 U.S. at 623; *Jones v. United*

*States*, 153 F.3d 1305, 1307-08 (11th Cir. 1998).

In Ground One, Paredes indirectly excuses his procedural default regarding Grounds Two and Three by claiming that his attorney rendered ineffective assistance for not getting him a minor role reduction, for not getting him a departure for family extraordinary circumstances and for not obtaining the benefits of his plea agreement. Doc. cv-3 at 5.

A petitioner can establish cause in some circumstances by showing that a procedural default was caused by constitutionally ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 690 (1984), *see Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002); however, Paredes must fully allege and prove deficient performance that worked to his actual and substantial disadvantage. *See Reece v. United States*, 119 F.3d 1462, 1465-68 (11th Cir. 1997).

Paredes does not meet this burden. As set forth below, Paredes' factual claims are inconsistent with the record and his limited arguments are factually and legally flawed.

Departure Claims

Paredes claims that counsel failed to request an evidentiary hearing at sentencing to present a downward departure on collateral consequences and he failed to obtain a minor role reduction. Doc. cv-3 at 5. While the record does not show that counsel requested a special "evidentiary hearing," counsel did ask the Court to afford a minor role reduction to Paredes. PSR Addendum ¶ 2 and Objections to PSR. That request was obviously denied. Doc. cr-143. The sentencing guidelines direct the sentencing court to decrease a defendant's guidelines offense level by two levels if he was a "minor participant in any criminal activity." USSG §3B1.2(b). Importantly, a defendant does not merit any reduction unless he is "substantially less culpable than the average participant." *Id.*,

comment. (n.3(A)). In addition, he cannot qualify for a "minor role" reduction unless he is "less culpable than most other participants." Id., comment. (n.5). A defendant seeking a reduction bears the burden of proving, by a preponderance of the evidence, that he is entitled to it. *United States v. DeVaron*, 175 F.3d 930, 939 (11th Cir. 1999) (en banc).

Paredes offered nothing substantial in his petition to support his claim that he should have received a minor role reduction or any other reduction for that matter. Paredes has failed to show any failure, much less prove that his attorney's alleged failure worked to his actual and substantial disadvantage. In addition, Paredes' counsel cannot be deemed to have performed deficiently by failing to address an issue that reasonably would have been considered to be without merit. *See Davis v. Singletary*, 119 F.3d 1471, 1476 (11th Cir. 1997); *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994); *Pitts v. Cook*, 923 F.2d 1568, 1572-74 (11th Cir. 1991); *Thompson v. Wainwright*, 787 F.2d 1447, 1459 n.8 (11th Cir. 1986).

Benefits of Plea Claim

Paredes claims he did not receive any benefits for his plea because he did not receive two point reduction for acceptance of responsibility. Doc. cv-3 at 9. The record shows that Paredes in fact received a three point reduction. PSR ¶¶ 25-26. Based on all of the above, Paredes' claims are defaulted and he has failed to meet the burden to prove that his default was caused by his counsel's deficient performance. Therefore, Paredes' claims in Grounds Two and Three and their related ineffective assistance claims in Grounds One and Four warrant no relief.

INEFFECTIVE ASSISTANCE OF COUNSEL

Paredes claims his counsel was ineffective because he: (1) failed to inform him of

the consequences of his plea; (2) did not properly argue mitigating circumstances at the sentencing hearing; and (3) failed to file a notice of appeal. Doc. cv-1 at 5-6. Not only have these claims been waived, they are meritless.

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). Because a lawyer is presumed to be competent to assist a defendant, the accused has the burden to demonstrate the denial of the effective assistance of counsel. *United States v. Cronic*, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating conviction if: (1) counsel's performance fell below an objective standard of reasonable professional assistance; and (2) the defendant was prejudiced by the deficient performance. *Strickland*, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *See Coulter v. Herring*, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. In other words, when reviewing counsel's

decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" *Chandler v. United States*, 218 F.3d 1305, 131 (11th Cir. 2000) (en banc) (quoting *Burger v. Kemp*, 483 U.S. 776 (1987)), cert. denied 531 U.S. 1204 (2001). Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." *Id.* (citing *Strickland*, 466 U.S. at 688). This burden of persuasion, though not insurmountable, is a heavy one. *See id.* at 1314 (citing *Kimmelman v. Morrison*, 477 U.S. 365 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts "must avoid second-guessing counsel's performance." *Id.* at 1314 (quoting *Strickland*, 466 U.S. at 689). Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy.'" *Id.* (quoting *Darden v. Wainwright*, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. *See id.* at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not . . . that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." *Id.* Rather, the presumption is "that what the particular defense lawyer did at trial. . . were acts that some reasonable lawyer might do." *Id.*

Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." *Id.* at 1315. For Paredes to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." *Id.* To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." *Id.* at 1315 n.16. Finally, "[n]o absolute rules dictate what is

reasonable performance for lawyers." *Id.* at 1317. Considered in light of these standards, the performance of Paredes' counsel was not constitutionally deficient and, in any event, Paredes was not prejudiced thereby.

### Ineffective Assistance of Counsel For Plea

Paredes makes ineffective assistance of counsel claims relating to the plea process. Specifically, Paredes claims that his counsel failed to inform him of the consequences of his plea. Doc. cv-3 at 5.

The two-pronged *Strickland* test is applicable to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). As applied to the plea situation, the first prong of *Strickland* remains the same in that the attorney's conduct must fall within the range of reasonable conduct. *Hill*, 474 U.S. at 58. Counsel owes a lesser duty to a client who pleads guilty than to one who goes to trial, however, and in the former case, counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between entering a guilty plea and going to trial. *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984). To impart such an understanding to the accused, counsel merely must make an independent examination of the facts, circumstances, pleadings and laws involved, and then offer counsel's informed opinion as to the best course to be followed in protecting the interests of the client. *Id.*

The second prong of the *Strickland* test focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill*, 474 U.S. at 59. In other words, in order to satisfy the prejudice requirement, a petitioner claiming ineffective assistance of counsel during the plea process must show that there is

a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. *Id.*

Paredes claims that his lawyer did not explain the consequences of his plea is contradicted by the record. In addition to what has been discussed above, the record shows that the Court questioned Paredes regarding his counsel's performance and that Paredes was satisfied:

> THE COURT: And you have been represented in these proceedings by Mr. Robbins. Do you have any complaints about anything that he has done in your behalf? Your lawyer, right.
>
> PAREDES-MINA: No, Sir.

Doc. cr-268 at 17. The Court also wanted to confirm that Paredes had previously reviewed the agreement and understood it.

> THE COURT: Mr. Paredes-Mina, the last part of your plea agreement indicates that it is the entire agreement and also there's a certification that someone has read it to you in its entirety and that you understand it. Was this plea agreement read to you?
>
> PAREDES-MINA: Yes, Sir.
>
> THE COURT: And did you understand it when it was read to you?
>
> PAREDES-MINA: Very well. Yes, Sir.
>
> THE COURT: Is there anything about the plea agreement that I have discussed today that confuses you?
>
> PAREDES-MINA: No, everything is clear.
>
> THE COURT: All right. And I'm looking at a copy

>                             here and it appears that you would
>                             have signed it after you read it as
>                             well along with Mr. Robbins. Is that
>                             your signature there?
>
> PAREDES-MINA:   Yes, Sir.

Id. at 28. Paredes told the Court, under oath, that he had no complaints about his lawyer, the agreement had been read to him, that he understood the agreement very well, and that it was all clear. The record thus categorically contradicts Paredes' claims. These claims do not warrant relief.

Ineffective Assistance of Counsel at Sentencing

Paredes claims that his counsel was ineffective because he did not ask for an evidentiary hearing to raise mitigating factors that should have reduced Paredes' sentence. Doc. cv-1 at 5. Again, not only is this claim waived, it is without merit. Counsel raised the minor role issue as an objection to the PSR. See Objection to PSR "Position of Defendant Filiberto Paredes Mina with Respect To The Sentencing Factors" ¶ 2. Probation disagreed arguing that a minor role was not applicable to Paredes or a any of his co-defendants. No evidence distinguished the defendant's role or participation from that of the other crew members. Addendum to PSR ¶ 2. Even if Paredes could show that his counsel failed to raise these issues, he has not argued or shown any resulting prejudice.

Paredes has failed to show that his counsel's performance during the plea process and during sentencing was deficient and failed to show resulting prejudice.

Because none of Paredes' claims have merit, the Court orders:

That Paredes' motion to vacate (Doc. cv-3; cr-290) is denied. The Clerk is directed to enter judgment against Paredes in the civil case and to close that case.

**CERTIFICATE OF APPEALABILITY AND**

**LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances. Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 18, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

AUSA:  Anthony Porcelli
Pro se:  MINA FILIBERTO PAREDES